UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARTURO GARCIA                               CIVIL ACTION NO. _____

VERSUS

CRETE CONSTRUCTION SERVICES, LLC
and DYLAN BAGWELL

## COMPLAINT

Plaintiff Arturo Garcia, a resident of the age of majority residing in the Parish of East Baton Rouge, State of Louisiana, brings this complaint against Crete Construction Services, LLC and Dylan Bagwell, stating the following:

### *Defendants*

1.

Made defendants herein are (1) Crete Construction Services, LLC, a Louisiana limited liability company domiciled in West Baton Rouge Parish, Louisiana; and (2) Dylan Bagwell, a natural person of the age of majority residing in West Baton Rouge Parish, Louisiana.

### *Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2). Both defendants are Louisiana residents and defendant Crete Construction is domiciled in this district. Further, plaintiff was employed by defendants in this district and all (or nearly all) of the overtime hours worked by the plaintiff occurred within this district.

3.

Plaintiff files this action pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*).

4.

The great majority of the facts giving rise to this cause of action occurred within West Baton Rouge Parish, Louisiana and East Baton Rouge Parish, Louisiana.

## *Plaintiff*

5.

Plaintiff was employed by defendants from approximately 2014 through April of 2020 as a construction laborer. He was compensated $16 per hour for most of the time to which this FLSA lawsuit pertains. He customarily worked between 50 and 60 hours per week, but he was not paid overtime for hours worked in excess of 40 hours per week.

6.

Under the FLSA, Plaintiff at all times was the non-exempt employee of Crete Construction Services, LLC and Dylan Bagwell. The defendants directed the time, method, and manner of the plaintiff's work duties.

7.

Plaintiff was personally involved in interstate commerce, commonly handling goods, tools, and equipment manufactured in interstate commerce as part of his duties.

8.

Defendant Crete Construction is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1); it is an enterprise engaged in commerce or in the production of goods for

commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Defendant has annual revenues that exceed $500,000.00.

9.

Under the Fair Labor Standards Act, plaintiff is entitled to payment of additional wages at the rate of one and one-half times the rate of his regular pay for all hours worked in excess of forty hours per week throughout the duration of his employment.

10.

The defendants knowingly and willfully violated the FLSA, as demonstrated by their conduct. At the outset of his employment, defendants would pay plaintiff and other employees for 40 hours by check, and would pay the remaining hours in cash, at plaintiff's regular rate of pay, in an envelope on payday. After being sued for failure to pay overtime, defendants later began to characterize overtime hours as "per diem" on plaintiff's paycheck. The amount of the "per diem" would vary from week to week, depending on the number of overtime hours worked by plaintiff.

11.

Plaintiff's claim is therefore subject to a 3-year statute of limitation. Plaintiff is also entitled to recover from defendants an equal sum as liquidated damages, together with attorney fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the Fair Labor Standards Act.

**WHEREFORE,** plaintiff prays that there be service and citation upon the defendants, and that after all legal delays and proceedings that there be a judgment rendered in favor of the plaintiff and against the defendants for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**


/s/ Daniel B. Davis
Daniel B. Davis (La. Bar Roll No. 30141)
Randall E. Estes (La. Bar Roll No. 22359)
850 North Boulevard
Baton Rouge, LA 70802
Telephone: (225) 336-3394
Facsimile: (225) 384-5419
*Attorneys for Plaintiff*